# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**MATTHEW D. MAHONEY**  **PETITIONER**
Reg #42236-424

VS.                CASE NO.: 2:16-CV-50-KGB-BD

**C.V. RIVERA, Warden,**
Federal Correctional Complex,
Forrest City, Arkansas                **RESPONDENT**

## RECOMMENDED DISPOSITION

I.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to Judge Kristine G. Baker. Any party may file written objections with the Clerk of Court within fourteen (14) days of filing this Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be waived. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

II.   **Background**

Petitioner Matthew D. Mahoney filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging penalties imposed as a result of a prison disciplinary conviction. (Docket entry #1) Warden C.V. Rivera has responded to the petition. (#8)

Mr. Mahoney is in the custody of the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Forrest City, Arkansas ("FCI-FC"). On April 18, 2014, he received an incident report charging him with use of a telephone, conduct that circumvents monitoring procedures. (#1, p. 12) Mr. Mahoney apparently suffered a death in his family and used another inmate's phone account to contact his mother. Mr. Mahoney was on phone restriction at the time. (#1, p. 18)

Mr. Mahoney admitted that he committed the charged offense. (#1) He argues, however, that a sanction that resulted in the loss of 60 days of non-vested Good Conduct Time ("GCT") is invalid. (#1) As grounds for the challenge, Mr. Mahoney alleges the Disciplinary Hearing Officer ("DHO") added that sanction to Mr. Mahoney's punishment after-the-fact. He alleges that the additional sanction was not announced during the hearing or written in the disciplinary report.[1] Mr. Mahoney does not deny, however, that an amended DHO report contained the contested sanction. (#1, pp. 18-21)

Mr. Mahoney argues that "adding sanctions after the conclusion of the hearing, even if [the] decision to do so is made on the same day, is a clear violation of [an] inmate's Due Process Rights." (#1, p. 8) Mr. Mahoney also claims the amendment to the DHO report violated BOP policy. (#1, p. 9)

---

[1] This claim, that the DHO added sanctions he did not disclose, was the basis for a staff misconduct complaint Mr. Mahoney filed against the DHO. The same DHO presided over a later disciplinary hearing involving Mr. Mahoney. This gave rise to a claim of bias Mr. Mahoney raised in a separate habeas proceeding. *Mahoney v. Rivera*, Case No. 2:16CV44 KGB/BD (E.D. Ark. filed Mar. 28, 2016).

Mr. Mahoney asks the Court to dismiss and expunge his disciplinary conviction and restore his lost GCT. (#1, p. 10) Unfortunately for Mr. Mahoney, he has not provided a basis for this Court to grant relief.

### III. Discussion

In the prison setting, inmates are entitled to due process protections, but at a substantially reduced level, as compared with due process rights of those in the free world. Before a prisoner's GCT can be revoked, the prisoner is entitled to these due process rights: (1) advance written notice of the disciplinary violation; (2) an opportunity, with some exceptions, to call witnesses and present a defense, and (3) a written decision by impartial fact-finders as to the evidence relied upon and the reasons for the disciplinary action taken. *Dible v. Scholl*, 506 F.3d 1106, 1110 (8th Cir. 2007)(citing *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985) and *Wolff v. McDonnell*, 418 U.S. 539, 564-571, 94 S.Ct. 2963 (1974)).

Mr. Mahoney does not raise any questions regarding notice, opportunity to be heard, impartiality of the DHO, or whether there was "some evidence" to support the written decision. Instead, he challenges only the amendment to the written decision that included the additional sanction, that is, the loss of 60 days of non-vested GCT. (#1)

The DHO provided a sworn statement avowing that he verbally sanctioned Mr. Mahoney at the hearing to the disputed forfeiture of 60 days non-vested GCT, but failed to include the sanction in his original DHO report. (#8-1, pp. 5-6) When he became

3

aware of the omission, the DHO completed an amended DHO report that included all the sanctions stated during the hearing. (#8-1, p. 6) Mr. Mahoney does not dispute receiving a copy of the amended DHO report.

Due Process does not preclude amending judgments or disciplinary reports when they contain mistakes or omissions. During criminal trials, where defendants enjoy greater Due Process protections than do inmates during disciplinary hearings, the trial court must impose its sentence without unnecessary delay. FED.R.CRIM.P. 32(b)(1). But within 14 days after sentencing, a court may correct a sentence that resulted from arithmetical, technical, or other clear error. FED.R.CRIM.P. 35(a). The court may also, at any time, correct a clerical error arising from oversight or omission. FED.R.CRIM.P. 36. That is exactly what occurred in this case. The DHO simply corrected a clerical error arising from an omission. Finding that inmates subject to disciplinary sanctions enjoy greater Due Process protections than defendants subject to criminal penalties would be inconsistent with the holdings in *Wolff* and *Hill*.

In addition to the Due Process argument, Mr. Mahoney claims the DHO action violated BOP policy. BOP Program Statement 5270.09 allows DHO's to correct mistakes in procedure. Omission of sanctions from a DHO report is arguably a mistake in procedure. Regardless, the violation of BOP policy does not rise to the level of a constitutional claim for relief. See *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003).

## IV. Conclusion

The amendment of Mr. Mahoney's DHO report does not provide grounds for habeas corpus relief. Accordingly, Mr. Mahoney's petition for a federal writ of habeas corpus should be DENIED and DISMISSED, with prejudice.

DATED this 13th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE